RMR:PT
F.#2007R01658

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ROBERT GUERRERO,
     also known as "Alex
     Guerrero" and "Al,"
GARY JACQUES,
     also known as "Papi
     Shampoo," "Ralph,"
     "Pierre" and "Genesis,"
ALISON EDELMAN,
MICHAEL McENROE,
LAWRENCE ALBERS,
AL CASSIANO, JR.,
ANSY GUERRIER,
     also known as "Lucky,"
SANDRA SAM,
RONY PHILIPPE EXANTUS,
     also known as "Philippe
     Exantus,"
JOHANNY MENDEZ,
     also known as "Johanny
     Mendez-Rodriguez,"
VIANNEY DEL ROSARIO,
     also known as "Nane,"
VICTOR GUERRERO,
     also known as "Sandy" and
     "Paluca," and
JEFFREY JACQUES,

            Defendants.

- - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 641, 1343,
1344, 1349, 1956(a)(1)(A)(i),
1956(a)(1)(B)(i), 1956(h),
981(a)(1)(C), 982(a)(1),
982(a)(2)(B), 2 and 3551 et
seq.; T. 21, U.S.C., §853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

     At all times relevant to this Indictment, unless

otherwise indicated:

I.   The Defendants ROBERT GUERRERO and GARY JACQUES and Their
     Companies

1.   The defendant ROBERT GUERRERO, also known as "Alex Guerrero" and "Al," together with others, controlled a company named Property Cash, Inc. ("Property Cash") that, at various times, operated out of 461 Pulaski Road in Greenlawn, New York. ROBERT GUERRERO, together with others, also controlled a company named La Familia Cleaning Services that was registered to do business, and later organized as a limited liability company, in Suffolk County, New York.

2.   Notwithstanding the defendant ROBERT GUERRERO's control over Property Cash, the nominal owner of Property Cash was ROBERT GUERRERO's girlfriend, the defendant ALISON EDELMAN. EDELMAN also maintained in her name corporate bank accounts that were controlled in part by ROBERT GUERRERO.

3.   The defendant GARY JACQUES, also known as "Papi Shampoo," "Ralph," "Pierre" and "Genesis," together with others, controlled a company that was called, at various times, Home Cash, Inc. ("Home Cash") and Cash Homes Group LLC ("Cash Homes") and that operated, at various times, out of 1433 New York Avenue in Huntington Station, New York.  The defendant GARY JACQUES also controlled a business entity named GSCI Telecom, Inc. ("GSCI") that was incorporated in Suffolk County.

2

II.   The Scheme to Defraud Mortgage Lenders

4.   The defendants ROBERT GUERRERO and GARY JACQUES, together with others, engaged in a scheme by which they recruited and/or used straw buyers with good credit scores to fraudulently obtain mortgage loans, and/or pay prices that were inflated, for residential properties located in various municipalities in Nassau and Suffolk Counties, including, among others, Huntington Station, Huntington, Greenlawn, Bay Shore and Uniondale.

5.   As part of the scheme to defraud, the defendants ROBERT GUERRERO and GARY JACQUES took control of residential properties in the following ways:

a.   ROBERT GUERRERO and GARY JACQUES used straw buyers to gain control over properties by orchestrating the straw buyers' purchase of the properties from third parties.  Straw buyers that ROBERT GUERRERO and GARY JACQUES used for this purpose included the defendants ALISON EDELMAN and JOHANNY MENDEZ, also known as "Johanny Mendez-Rodriguez."

b.   ROBERT GUERRERO and GARY JACQUES gained control of properties by means of a "foreclosure rescue scheme," whereby they promised homeowners who were in danger of defaulting on their mortgages that ROBERT GUERRERO and/or GARY JACQUES would prevent the homes from being foreclosed upon.  ROBERT GUERRERO and/or GARY JACQUES then tricked the homeowners into signing title to the properties over to Home Cash or Property Cash, or,

3

by some other fraudulent and deceitful method, stole the equity in the properties from the homeowners, and ultimately gained control over the properties.  The rescue scheme also sometimes involved the use of a straw buyer, such as the defendant RONY PHILIPPE EXANTUS, also known as "Philippe Exantus," to take title to the properties of homeowners in danger of foreclosure.

   c. Friends and coconspirators allowed ROBERT GUERRERO and GARY JACQUES to take over properties that the friends or coconspirators controlled.

   6. Upon gaining control of properties in one of the ways described above, the defendants ROBERT GUERRERO and GARY JACQUES sometimes lived in the properties themselves, sometimes rented them out to relatives, friends or third parties, and sometimes used them to conduct narcotics distribution activities. Often, after using a property in one of these ways for a period of time, ROBERT GUERRERO and GARY JACQUES "flipped" the property by recruiting a straw buyer to purchase it, often at an inflated price.  The straw buyers that ROBERT GUERRERO and GARY JACQUES used for this purpose included, among others, the defendants SANDRA SAM and VIANNEY DEL ROSARIO, also known as "Nane."  The defendant ANSY GUERRIER, also known as "Lucky," assisted ROBERT GUERRERO in recruiting straw buyers for this purpose.

   7. When recruiting straw buyers, the defendants GARY JACQUES and ROBERT GUERRERO typically told the straw buyers one

or more of the following things, among others: (a) that GARY JACQUES and/or ROBERT GUERRERO had plans to buy a residential property in the straw buyer's name, and would then either rent out the property for a profit, or renovate the property and sell it within a year for profit; (b) that GARY JACQUES and ROBERT GUERRERO could not purchase the properties in their own names, because they were also acting as real estate agents for the transactions; (c) that someone else, usually a rent-paying tenant, would provide the straw buyer with enough money to make the mortgage payments each month; and (d) that GARY JACQUES and/or ROBERT GUERRERO would pay the straw buyer approximately $5,000 or $10,000 for the straw buyer's participation in the scheme.

8.     Once a straw buyer agreed to have a property purchased in his or her name, the straw buyer provided the defendants GARY JACQUES and ROBERT GUERRERO, or someone else working on their behalf, with the straw buyer's personal information, such as the straw buyer's social security number, date of birth, and sometimes place of employment.  A mortgage broker or loan processor, who was often the defendant MICHAEL McENROE, then filled out a fraudulent mortgage application on behalf of the straw buyer.  The mortgage applications created by McENROE and others acting in concert with ROBERT GUERRERO and GARY JACQUES, inflated the straw buyer's monthly earnings and

5

often listed a false employer for the straw buyer.  Subsequently, just before McENROE, ROBERT GUERRERO or GARY JACQUES, or a person acting in concert with them, submitted the loan application on the straw buyer's behalf, or at the time of the closing on the property, or on both of these occasions, the straw buyer signed the application form.  Additionally, at the closing, the straw buyer often signed an affidavit which falsely stated that the straw buyer intended to use the property to be purchased as his or her primary residence.

9.  After the defendant MICHAEL McENROE, or other persons acting in concert with the defendants ROBERT GUERRERO and GARY JACQUES, submitted a fraudulent mortgage application to a mortgage lender, the mortgage lender often requested a Verification of Deposit ("VOD") from the straw buyer's bank, a Verification of Rent ("VOR") from the straw buyer's landlord and/or a Verification of Employment ("VOE") from the straw buyer's employer.  ROBERT GUERRERO and GARY JACQUES, or another person acting at their direction, often responded to requests for VOEs by falsely certifying in writing or orally over the telephone that a straw buyer was an employee of an entity controlled by ROBERT GUERRERO or GARY JACQUES, such as Property Cash, Home Cash, GSCI or La Familia Cleaning Services.

10.  The defendants ROBERT GUERRERO and GARY JACQUES often responded to requests for VORs by falsely listing either

Property Cash or Home Cash as the straw buyer's landlord, and then certified, in writing or over the telephone, the accuracy of the VOR.

11.   In order to enable the straw buyers to falsely satisfy the VOD requirement, the defendants ROBERT GUERRERO and GARY JACQUES, or others acting their direction, such as the defendant JEFFREY JACQUES, also often deposited checks into the bank account of a straw buyer.  Then, after the straw buyer's bank provided the mortgage lender with a VOD, the payor of the check stopped payment on the check, or the straw buyer returned to the payor the funds that had been used to inflate the balance in the straw buyer's bank account.

12.   The defendant VICTOR GUERRERO, also known as "Sandy" or "Paluca," who is a brother of the defendant ROBERT GUERRERO and the father of the children of the defendant JOHANNY MENDEZ, enabled a straw buyer to falsely satisfy a requirement imposed by a mortgage lender for the issuance of a loan.  In particular, on one occasion VICTOR GUERRERO falsely verified the employment and income of a straw buyer by stating that the straw buyer worked for La Familia Cleaning Services at a salary of $3,750 per month, when in fact the straw buyer never worked there.  In addition, on loan applications in his own name for mortgage loans for a property where he and ROBERT GUERRERO

7

resided, VICTOR GUERRERO made false statements regarding his own income.

13.   If a straw buyer was to purchase a property that the defendants ROBERT GUERRERO or GARY JACQUES were flipping, or that was being flipped at their direction, ROBERT GUERRERO and GARY JACQUES often enlisted a complicit and corrupt licensed appraiser, such as the defendants LAWRENCE ALBERS and AL CASSIANO, JR., to provide an inflated appraisal of the property in question.  For example, so as to inflate the value of properties they were appraising: (a) ALBERS falsely stated in one appraisal that a particular house had a finished basement, when in fact the house did not have a finished basement at the time of the sale; (b) ALBERS falsely stated in another appraisal that the reason a recent, prior sale price of the property was significantly lower than ALBERS' current appraisal price was that the prior sale had been a distressed sale, when in fact the prior sale was not distressed; and (c) CASSIANO, JR., falsely stated in an appraisal that a house's cesspool system was in good order, when in fact the cesspool system was broken and required extensive repairs, and that the appraisal included interior photographs of the appraised house, when in fact those interior photographs were of a different residence.  ROBERT GUERRERO and GARY JACQUES caused the inflated appraisals to be provided to mortgage lenders in order to give the lenders false comfort that

8

the loans they were extending to straw buyers were backed by
sufficiently valuable collateral.

14.   After a straw buyer purchased a property at an
inflated price, with an inflated mortgage, the previous mortgage
loan was paid off with a portion of the fraudulently obtained
mortgage loan proceeds.  A substantial portion of the remaining
loan proceeds were then often directed into accounts controlled
by the defendants GARY JACQUES and/or ROBERT GUERRERO.

15.   Within a few months of the closings on properties
purchased by straw buyers, ROBERT GUERRERO and GARY JACQUES
frequently stopped making mortgage payments on behalf of the
straw buyers, leaving the straw buyers responsible for monthly
mortgage payments they could not afford.  Mortgage lenders often
then foreclosed on the properties, which they sold at a loss at
auction or were unable to sell.  Other times, the mortgage
lenders sustained losses when they permitted straw buyers to
engage in "short sales" by which the straw buyers sold properties
for less than the remaining sums owed on their mortgage loans.

16.   Based on the false and fraudulent statements,
representations and promises made by and caused to be made by the
defendants ROBERT GUERRERO, GARY JACQUES, and others with whom
they conspired, financial institutions and mortgage lenders were

defrauded into issuing in excess of $8,800,000 in mortgage loans in connection with approximately nineteen different properties.

III. The Scheme to Defraud HUD

17.   The United States Department of Housing and Urban Development ("HUD") administers a federal program (the "Section 8 Program") that provided rent subsidies to eligible, low-income tenants.   HUD distributed Section 8 Program funds through local housing authorities, which issued Section 8 vouchers to eligible tenants.   A tenant who obtained such a voucher was permitted to enter into a residential lease with a private landlord, which lease contained a specified monthly rent figure.   The local housing authority then sent federal funds, in the form of a monthly check, directly to the landlord on behalf of the tenant who had a Section 8 voucher, and the check was intended to cover a portion of the tenant's monthly rent.   The tenant was responsible for paying the remainder of the monthly rent.

18.   On or about August 25, 2005, the defendant ALISON EDELMAN, acting on behalf of Property Cash, obtained title to real property located at 137 Columbia Street in Huntington Station, New York.   EDELMAN had submitted a fraudulent mortgage application in order to obtain the mortgage financing for this transaction, and the 137 Columbia Street residence was subsequently rented to a tenant who had obtained a Section 8 voucher from the Huntington Housing Authority ("HHA").   Property

Cash, in the name of EDELMAN, arranged to receive monthly Section 8 rent subsidy checks from the HHA on behalf of the tenant at 137 Columbia Street.

19. On August 25, 2006, Property Cash sold the real property at 137 Columbia Street and transferred title to a straw buyer. For over a year after this sale, however, the HHA continued to send the rent subsidy checks for 137 Columbia Street to Property Cash, care of the defendant ALISON EDELMAN, rather than to the new owner of 137 Columbia Street. Thirteen such checks, with a total value of over $25,000, were written to and received by Property Cash after title to 137 Columbia Street was transferred from Property Cash to the straw buyer. Some of these checks were then deposited into a Property Cash bank account by EDELMAN, others were deposited into a Property Cash bank account by the defendant ROBERT GUERRERO, and still others were cashed by the defendant JOHANNY MENDEZ.

## COUNT ONE
(Conspiracy to Commit Bank Fraud and Wire Fraud)

20.   The allegations contained in paragraphs 1 through 19 are realleged and incorporated as if fully set forth in this paragraph.

21.   In or about and between March 2001 and February 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROBERT GUERRERO, also known as "Alex Guerrero" and "Al," GARY JACQUES, also known as "Papi Shampoo," "Ralph," "Pierre," and "Genesis," ALISON EDELMAN, MICHAEL McENROE, LAWRENCE ALBERS, AL CASSIANO, JR., ANSY GUERRIER, also known as "Lucky,"  SANDRA SAM, RONY PHILIPPE EXANTUS, also known as "Philippe Exantus," JOHANNY MENDEZ, also known as "Johanny Mendez-Rodriguez," VIANNEY DEL ROSARIO, also known as "Nane," VICTOR GUERRERO, also known as "Sandy" and "Paluca" and JEFFREY JACQUES, together with others, did knowingly and intentionally conspire: (a) to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, to wit: Fremont Investment & Loan, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of such financial institution, by means of materially false and fraudulent pretenses, representations and

12

promises, in violation of Title 18, United States Code, Section 1344; and (b) to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNTS TWO THROUGH EIGHTEEN
(Wire Fraud)

22.   The allegations contained in paragraphs 1 through 19 are realleged and incorporated as if fully set forth in this paragraph.

23.   On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendants listed below, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the mortgage lenders listed below, and to obtain money and property from those mortgage lenders by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate and

13

foreign commerce, writings, signs, signals, pictures and sounds, to wit, instructions regarding the wire transfer of loan proceeds as set forth below:

| Count | Defendants | Approximate Date | Victim Mortgage Lender | Approximate Amount of Wire Transfer |
|-------|-----------|------------------|------------------------|-------------------------------------|
| 2 | ROBERT GUERRERO GARY JACQUES ALISON EDELMAN | April 28, 2004 | New Century Mortgage | $346,817 |
| 3 | ROBERT GUERRERO GARY JACQUES ALISON EDELMAN | October 26, 2004 | First Franklin Financial Corporation | $415,000 |
| 4 | ROBERT GUERRERO GARY JACQUES RONY PHILIPPE EXANTUS | November 22, 2004 | Delta Funding Corporation | $303,000 |
| 5 | GARY JACQUES RONY PHILIPPE EXANTUS | March 21, 2005 | Countrywide Home Loans | $286,000 |
| 6 | ROBERT GUERRERO GARY JACQUES AL CASSIANO, JR. | April 28, 2005 | Encore Credit Corp. | $256,352 |
| 7 | GARY JACQUES RONY PHILIPPE EXANTUS | June 23, 2005 | Encore Credit Corp. | $451,593 |
| 8 | ROBERT GUERRERO GARY JACQUES AL CASSIANO, JR. | June 29, 2005 | New Century Mortgage | $505,000 |
| 9 | ROBERT GUERRERO GARY JACQUES ALISON EDELMAN | August 5, 2005 | New Century Mortgage | $319,200 |
| 10 | ROBERT GUERRERO GARY JACQUES SANDRA SAM | August 19, 2005 | BNC Mortgage, Inc. | $437,000 |

| Count | Defendants | Approximate Date | Victim Mortgage Lender | Approximate Amount of Wire Transfer |
|-------|-----------|------------------|------------------------|-------------------------------------|
| 11 | ROBERT GUERRERO GARY JACQUES MICHAEL McENROE ANSY GUERRIER | December 15, 2005 | Encore Credit Corp. | $710,000 |
| 12 | ROBERT GUERRERO GARY JACQUES MICHAEL McENROE ANSY GUERRIER | January 5, 2006 | New Century Mortgage | $575,000 |
| 13 | ROBERT GUERRERO GARY JACQUES SANDRA SAM | January 12, 2006 | Long Beach Mortgage Company | $315,000 |
| 14 | ROBERT GUERRERO GARY JACQUES | January 19, 2006 | WMC Mortgage Corporation | $354,000 |
| 15 | ROBERT GUERRERO GARY JACQUES JOHANNY MENDEZ | May 15, 2006 | Meritage Mortgage Corporation | $324,000 |
| 16 | ROBERT GUERRERO GARY JACQUES ALISON EDELMAN LAWRENCE ALBERS JEFFREY JACQUES | May 19, 2006 | People's Choice Home Loan | $650,000 |
| 17 | ROBERT GUERRERO GARY JACQUES MICHAEL McENROE VIANNEY DEL ROSARIO | May 31, 2006 | Countrywide Home Loans | $564,000 |
| 18 | ROBERT GUERRERO GARY JACQUES ALISON EDELMAN MICHAEL McENROE LAWRENCE ALBERS ANSY GUERRIER VICTOR GUERRERO | August 25, 2006 | New Century Mortgage | $405,000 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS NINETEEN THROUGH TWENTY-ONE
### (Bank Fraud)

24.   The allegations contained in paragraphs 1 through 19 are realleged and incorporated as if fully set forth in this paragraph.

25.   On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendants listed below, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud the financial institution listed below, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of such financial institution, by means of materially false and fraudulent pretenses, representations and promises:

| Count | Defendants | Approximate Date | Victim Financial Institution |
|-------|-----------|------------------|------------------------------|
| 19 | ROBERT GUERRERO GARY JACQUES | May 3, 2006 | Fremont Investment & Loan |
| 20 | ROBERT GUERRERO ALISON EDELMAN | September 27, 2006 | Fremont Investment & Loan |
| 21 | ROBERT GUERRERO ALISON EDELMAN | October 10, 2006 | Fremont Investment & Loan |

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

16

## COUNT TWENTY-TWO
### (Conspiracy to Commit Money Laundering)

26. The allegations contained in paragraphs 1 through 19 are realleged and incorporated as if fully set forth in this paragraph.

27. In or about and between July 2005 and July 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROBERT GUERRERO, also known as "Alex Guerrero" and "Al," and GARY JACQUES, also known as "Papi Shampoo," "Ralph," "Pierre" and "Genesis," together with others, did knowingly and intentionally conspire to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds

of the specified unlawful activity, in violation of Title 18,
United States Code, Section 1956(a)(1)(B)(i).

   (Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

COUNTS TWENTY-THREE THROUGH THIRTY-TWO
(Money Laundering)

   28. The allegations contained in paragraphs 1 through
19 are realleged and incorporated as if fully set forth in this
paragraph.

   29. On or about the dates listed below, within the
Eastern District of New York and elsewhere, the defendants listed
below, together with others, did knowingly and intentionally
conduct and attempt to conduct the financial transactions listed
below affecting interstate and foreign commerce, which in fact
involved the proceeds of specified unlawful activity, to wit:
wire fraud, in violation of Title 18, United States Code, Section
1343, and bank fraud, in violation of Title 18, United States
Code, Section 1344, knowing that the property involved in the
financial transactions represented the proceeds of some form of
unlawful activity (a) with the intent to promote the carrying on
of the specified unlawful activity, and (b) knowing that the
transactions were designed in whole and in part to conceal and
disguise the nature, location, source, ownership and control of
the proceeds of the specified unlawful activity:

18

| Count | Defendants | Approximate Date | Payment From | Payment To | Amount |
|-------|-----------|------------------|--------------|------------|--------|
| 23 | ROBERT GUERRERO GARY JACQUES | July 15, 2005 | Home Cash Account at Astoria Federal Savings | Countrywide Home Loans | $8,372 |
| 24 | ROBERT GUERRERO GARY JACQUES | August 24, 2005 | Home Cash Account at Astoria Federal Savings | Defendant SANDRA SAM | $5,000 |
| 25 | ROBERT GUERRERO GARY JACQUES | August 24, 2005 | Home Cash Account at Astoria Federal Savings | Defendant SANDRA SAM | $5,000 |
| 26 | ROBERT GUERRERO GARY JACQUES | January 9, 2006 | IOLA Account of Attorney Representing New Century Mortgage in Closing for Sale of Property at 1375 Wantagh Avenue, Wantagh, New York | Property Cash Account at JP Morgan Chase, by means of the deposit of a check made payable to John Doe #1, an individual whose identity is known to the Grand Jury | $25,000 |
| 27 | ROBERT GUERRERO GARY JACQUES | January 14, 2006 | Home Cash Account at Astoria Federal Savings | Property Cash Account at JP Morgan Chase | $70,000 |
| 28 | ROBERT GUERRERO GARY JACQUES | January 17, 2006 | Property Cash Account at JP Morgan Chase | Chase Home Finance | $5,843 |
| 29 | ROBERT GUERRERO GARY JACQUES | February 2, 2006 | Home Cash Account at Astoria Federal Savings | Defendant SANDRA SAM | $2,000 |

| Count | Defendants | Approximate Date | Payment From | Payment To | Amount |
|-------|-----------|------------------|--------------|------------|--------|
| 30 | ROBERT GUERRERO GARY JACQUES | February 16, 2006 | Property Cash Account at JP Morgan Chase | Chase Home Finance | $2,911 |
| 31 | ROBERT GUERRERO GARY JACQUES | May 17, 2006 | Property Cash Account at JP Morgan Chase | John Doe #2, an individual whose identity is known to the Grand Jury | $5,000 |
| 32 | ROBERT GUERRERO GARY JACQUES | July 15, 2006 | Property Cash Account at JP Morgan Chase | Fremont Investment & Loan | $3,716 |

(Title 18, United States Code, Sections

1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

COUNT THIRTY-THREE
(Theft of Federal Funds)

30.   The allegations contained in paragraphs 1 through

19 are realleged and incorporated as if fully set forth in this

paragraph.

31.   In or about and between September 2006 and

September 2007, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendants ROBERT GUERRERO, also known as "Alex Guerrero" and

"Al," ALISON EDELMAN and JOHANNY MENDEZ, also known as "Johanny

Mendez-Rodriguez," and did knowingly and intentionally steal,

purloin and convert to their own use money and things of value of

the United States and a department and agency thereof, to wit:

20

approximately $25,279 worth of United States Department of Housing and Urban Development Section 8 subsidy checks.

(Title 18, United States Code, Sections 641, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION FOR
## COUNTS ONE THROUGH TWENTY-ONE

32.   The United States hereby gives notice to the defendants charged in Count One through Twenty-One that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of any such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to the following:

(a)   Money Judgment:  A sum of money in U.S. Currency, in an amount to be determined at trial, equal to the proceeds obtained directly or indirectly as a result of such offenses, for which the defendants are jointly and severally liable.

(b) Specific Property:  All right, title and interest to the real property located at 461 Pulaski Road, Greenlawn, New York owned in the name of the defendant ROBERT GUERRERO.

21

33.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including but not limited to:

(a) All right, title and interest in the real property located at 5 9th Avenue, Huntington Station, New York owned in the name of the defendant ROBERT GUERRERO.

(b) All right, title and interest in a 1992 Ford bearing license plate number ECG9410 in the name of VICTOR GUERRERO.

22

(c) All right, title and interest in a 2004 Lincoln Aviator bearing license plate number DUB9839 in the name of VICTOR GUERRERO.

(Title 18, United States Code, Section 982(a)(2); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION FOR COUNTS
### TWENTY-TWO THROUGH THIRTY-TWO

34.   The United States hereby gives notice to the defendants charged in Counts Twenty-Two through Thirty-Two that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including but not limited to, the following:

(a)   Money Judgment:  A sum of money in U.S. Currency, in an amount to be determined at trial, equal to all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, for which the defendants are jointly and severally liable.

35.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

23

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including but not limited to:

(a) All right, title and interest in the real property located at 5 9th Avenue, Huntington Station, New York owned in the names of the defendant ROBERT GUERRERO.

(b) All right, title and interest to the real property located at 461 Pulaski Road, Greenlawn, New York owned in the name of the defendant ROBERT GUERRERO.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION FOR COUNT THIRTY-THREE

36.   The United States hereby gives notice to the defendants charged in Count Thirty-Three that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to the following:

(a)   Money Judgment:  A sum of money in U.S. Currency, in an amount to be determined at trial equal to any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, for which the defendants are jointly and severally liable.

37.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including but not limited to:

(a) All right, title and interest in the real property located at 5 9th Avenue, Huntington Station, New York owned in the name of the defendant ROBERT GUERRERO.

26

(b) All right, title and interest to the real property located at 461 Pulaski Road, Greenlawn, New York in the name of ROBERT GUERRERO and/or ALISON EDELMAN.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

27

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

USAO# _F#2007R01658

1.  Title of Case:   United States v.   ROBERT ALEXANDER GUERRERO, GARY
    RALPH JACQUES, MICHAEL MCENROE, ALISON EDELMAN, LAWRENCE
    ALBERS, AL CASSIANO JR, ANSY GUERRIER, SANDRA SAM, RONY PHILPPE
    EXANTUS, JOHANNY MENDEZ, VIANNEY DEL ROSARIO,  VICTOR
    GUERRERO, and JEFFREY JACQUES.

2.  Related Magistrate Docket Number(s)                _____

           None (x)
3.  Arrest Date:    7/21/08 (Gary Jacques), _11/18-19/08 (other defendants)_ _____

4.  Nature of offense(s):  x     Felony
                           ☐     Misdemeanor

5.  Related Civil or Criminal Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules):    UNITED STATES v. GARY JACQUES,
    ROBERT GUERRERO, JEFFREY JACQUES AND CESAR POLANCO 08-CR-577
    (NG)

6.  Projected Length of Trial:    Less than 6 weeks    (x )
                                  More than 6 weeks    ( )

7.  County in which crime was allegedly committed:     Suffolk (but related to CR-08-577
    (NG), which is properly sited at the Brooklyn Courthouse)
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment been ordered sealed?            ( X) Yes  ( ) No

9.  Have arrest warrants been ordered?                  ( X) Yes  ( ) No

10. Is a capital count included in the information?     ( ) Yes  (x) No

                              BENTON J. CAMPBELL
                              UNITED STATES ATTORNEY

                    By:    _____

                           Paul Tuchmann
                           Raymond Tierney
                           Justin Lerer
                           Assistant U.S. Attorneys
                           (718) 254-6294